IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| IAN ENNIS as Administrator, ) | |
| of the ESTATE OF RALPH ENNIS ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. 5:22cv00046 |
| ) | |
| DEPUTY TYLER POE and ) | |
| DEPUTY ZACHARY FADLEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY TYLER POE

Defendant Tyler Poe, a Deputy Sheriff in the Warren County Sheriff's Office, by counsel, submits this memorandum in support of his motion to dismiss this action, on the ground that the plaintiff has not demonstrated that he has standing to bring this action, and states in support as follows.

**1. Pertinent Allegations**

The Complaint alleges in its entirety with respect to plaintiff Ian Ennis:

Plaintiff Ian Ennis is an individual and, for all times relevant to this action, a resident and domiciliary of the Commonwealth of Virginia. Mr. Ennis brings this suit in his capacity as the Administrator of the Estate of Ralph Ennis.

Complaint ¶ 6.

The Complaint asserts a Count I, alleging excessive force in violation of the Fourth Amendment resulting in the death of Ralph Ennis.

The Complaint also asserts a Count II, alleging "battery in violation of Virginia law (wrongful death)" resulting in the death of Ralph Ennis.

The Complaint asserts that "Ralph Ennis' beneficiar(ies) suffered" damages. *Id.* ¶ 67.

**2. Plaintiff Has Failed To Demonstrate Standing**

While the Complaint conclusorily asserts that plaintiff is bringing this action in his capacity as the Administrator of the Estate of Ralph Ennis, the Complaint does not offer a single fact supporting that assertion. The plaintiff has not shown when, where, or how he qualified as the Administrator of the Estate of Ralph Ennis, nor provided any facts or evidence showing that he properly qualified to bring this action.

A plaintiff who fails to "demonstrat[e] that he has been properly qualified as a personal representative of the decedent's estate . . . therefore lacks standing to bring this wrongful death action" on behalf of the estate. *Bradley v. Johnson & Johnson*, 2012 WL 1957812 **2-3 (E.D. Va. May 30, 2012) ("Plaintiff lacks standing and the Complaint is therefore dismissed for lack of subject matter jurisdiction"), *aff'd*, 478 F. App'x 759 (4th Cir. 2012).[1] A plaintiff who is not a properly qualified personal representative may not pursue a federal constitutional claim on behalf of a decedent either. *Whitley v. Lewis*, 1993 WL 625520 *8 (E.D. Va. 1993) (plaintiffs not properly qualified personal representatives lacked standing; granting motion to dismiss improper plaintiffs).

Not only has the plaintiff failed to demonstrate that he has properly qualified as a personal representative of the decedent's estate so as to bring any lawsuit at all, but plaintiff has also not demonstrated that he has standing to bring the claims he asserts. Plaintiff has thus failed

---

[1]*See also Johnston Mem'l Hosp. v. Bazemore*, 277 Va. 308, 312, 313, 672 S.E.2d 858, 860 (2009) ("A wrongful death action is not an action 'personal to the personal representative'"; plaintiff who had not properly qualified as the personal representative of the estate lacked standing to file the action and the action was therefore a nullity); *McCallup v. Envoy of Williamsburg*, 841 F. App'x 586, 586-87 (4th Cir. 2021) (district court lacked jurisdiction over action when the plaintiff lacked standing to recover for brother's death).

to demonstrate that he has standing in that regard as well. *Antisdel v. Ashby*, 279 Va. 42, 49, 688 S.E.2d 163, 167 (2010) (administrator of an estate does not have standing to pursue a claim not specified in the appointment).[2]

Based on the foregoing, it is respectfully submitted that this action should be dismissed, along with such other and further relief to the defendant as is just.

                          Tyler Poe

                          By  <u>s/ Carlene Booth Johnson</u>
                                  Counsel
                          Carlene Booth Johnson VSB No. 36473
                          Perry Law Firm
                          A Professional Corporation
                          262 Chellowe Road
                          Dillwyn, Virginia 23936
                          tel:  (434) 983-5005
                          fax:  (434) 983-5021
                          email: perrylawfirm@hughes.net

<u>Certificate</u>

I certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to:

Seth R. Carroll, Esq.
Adam Dourafei, Esq.
Commonwealth Law Group
3311 West Broad Street
Richmond, VA 23230
(804) 999-9999
scarroll@hurtinva.com

Susan F. Pierce
31 Winchester Street
Warrenton, VA 20186

---

[2]*See also Henderson v. Hickory Hill Ret. Comty, LLC*, 106 Va. Cir. 506, 2019 WL 12497613 (Nottoway 2019) (administrator of an estate may not file a claim for which the qualification did not specify filing that claim in the purpose of the qualification).

(540) 347-9223
spierce@walkerjoneslaw.com
*Counsel for plaintiff*

Alexander Francuzenko, Esq.
Philip Krone, Esq.
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for defendant*

By <u>s/ Carlene Booth Johnson</u>
        Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
tel:  (434) 983-5005
fax:  (434) 983-5021
email: perrylawfirm@hughes.net

4