IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| IAN ENNIS as Administrator, | ) | |
| of the ESTATE OF RALPH ENNIS | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 5:22cv00046 |
| | ) | |
| DEPUTY TYLER POE and | ) | |
| DEPUTY ZACHARY FADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEPUTY TYLER POE**

Defendant Tyler Poe, a Deputy Sheriff in the Warren County Sheriff's Office, by counsel,
and for his Answer and Defenses to the Complaint of plaintiff Ian Ennis as Administrator of the
Estate of Ralph Ennis, states as follows.

**ANSWER**

1. With respect to paragraph 1 of the Complaint, the defendant denies the allegations of
that paragraph.

2. With respect to paragraph 2 of the Complaint, the defendant denies the allegations of
that paragraph, except admits that the plaintiff seeks money, and the paragraph further asserts
legal conclusions that require no response and to the extent they are contrary to the law they are
denied.

3. With respect to paragraph 3 of the Complaint, the defendant denies the allegations of
that paragraph.

4. With respect to paragraph 4 of the Complaint, the defendant admits that he was
working as a Deputy in the Warren County Sheriff's Office at the time referenced in the

Complaint, as was Zachary Fadley, and the paragraph asserts legal conclusions that require no response and to the extent they are contrary to the law they are denied.

5. With respect to paragraph 5 of the Complaint, the defendant admits that he was working in Warren County as a Deputy in the Warren County Sheriff's Office at the time referenced in the Complaint, as was Zachary Fadley, and the paragraph asserts legal conclusions that require no response and to the extent they are contrary to the law they are denied.

6. With respect to paragraph 6 of the Complaint, the defendant lacks knowledge or information that is sufficient to admit or deny the allegations of that paragraph and therefore denies them, and the paragraph asserts legal conclusions that require no response and to the extent they are contrary to the law they are denied.

7. With respect to paragraph 7 of the Complaint, the defendant admits that he was a Deputy in the Warren County Sheriff's Office working and residing in Warren County at the time referenced in the Complaint, and the paragraph asserts legal conclusions that require no response and to the extent they are contrary to the law they are denied.

8. With respect to paragraph 8 of the Complaint, the defendant admits that Zachary Fadley was a Deputy in the Warren County Sheriff's Office working in Warren County at the time referenced in the Complaint, and is without sufficient knowledge or information to admit or deny the other allegations of that paragraph and therefore denies them, and the paragraph asserts legal conclusions that require no response and to the extent they are contrary to the law they are denied.

9. With respect to paragraph 9 of the Complaint, the paragraph asserts legal conclusions that require no response and to the extent they are contrary to the law they are denied.

10. With respect to paragraph 10 of the Complaint, upon information and belief it is admitted that on or about April 2, 2022, a person was driving a vehicle southbound on Winchester Road in Warren County, the vehicle was speeding, failing to maintain its lane, and not stopping, as other law enforcement officers were pursuing and attempting to stop it with the emergency lights and sirens on their patrol vehicles activated, and the driver was subsequently learned to be Ralph Ennis, and the defendant is without sufficient knowledge or information to admit or deny the other allegations of that paragraph and therefore denies them.

11. With respect to paragraph 11 of the Complaint, the defendant is without sufficient knowledge or information to admit or deny the allegations of that paragraph and therefore denies them.

12. With respect to paragraph 12 of the Complaint, upon information and belief it is admitted that on or about April 2, 2022, Deputy Pontious advised that a person was speeding, and the driver was subsequently learned to be Ralph Ennis, and the defendant is without sufficient knowledge or information to admit or deny the other allegations of that paragraph and therefore denies them.

13. With respect to paragraph 13 of the Complaint, upon information and belief it is admitted that on or about April 2, 2022, Deputy Pontious also advised that the person speeding was also failing to keep the vehicle in its lane, and the driver was subsequently learned to be Ralph Ennis, and the defendant is without sufficient knowledge or information to admit or deny the other allegations of that paragraph and therefore denies them.

14. With respect to paragraph 14 of the Complaint, upon information and belief it is admitted that on or about April 2, 2022, a person was driving a vehicle southbound on

Winchester Road in Warren County, the vehicle was speeding, failing to maintain its lane, and

not stopping, as other law enforcement officers were pursuing and attempting to stop it, and the

driver was subsequently learned to be Ralph Ennis, and the defendant is without sufficient

knowledge or information to admit or deny the other allegations of that paragraph and therefore

denies them.

15.  With respect to paragraphs 15-20 of the Complaint, the defendant is without

sufficient knowledge or information to admit or deny the allegations of the paragraphs and

therefore denies them.

16.  With respect to paragraphs 21-29 of the Complaint, the defendant denies the

allegations of those paragraphs.

17.  With respect to paragraph 30 of the Complaint, the defendant is without sufficient

knowledge or information to admit or deny the allegations of that paragraph as to what was

allegedly included in any press release from the Warren County Sheriff's Office and therefore

denies them and also denies the other allegations in that paragraph.

18.  With respect to paragraphs 31-40 of the Complaint the defendant denies the

allegations of those paragraphs, except admits that EMS was called to the scene.

19.  With respect to paragraphs 41-46 of the Complaint, the defendant is without

sufficient knowledge or information to admit or deny the allegations of those paragraphs and

therefore denies them.

20.  With respect to paragraph 47 of the Complaint, the defendant denies the allegations

of that paragraph.

21.  With respect to paragraph 48 of the Complaint, the defendant incorporates as if fully

set forth herein his answers to the prior paragraphs of the Complaint.

22.  With respect to paragraphs 49-51 of the Complaint, the paragraphs assert legal conclusions that require no response and to the extent they are contrary to the law, and otherwise, they are denied, including that it is specifically denied that the defendant did anything wrongful or excessive.

23.  With respect to paragraphs 52-56 of the Complaint, the defendant denies the allegations.

24.  With respect to paragraph 57 of the Complaint, the defendant incorporates as if fully set forth herein his answers to the prior paragraphs of the Complaint.

25.  With respect to paragraphs 58-60 of the Complaint, the paragraphs assert legal conclusions that require no response and to the extent they are contrary to the law, and otherwise, they are denied, including that it is specifically denied that the defendant did anything wrongful.

26.  With respect to paragraphs 61-64 of the Complaint, the defendant denies the allegations, including that it is specifically denied that the defendant did anything excessive, improper, without justification, wrongful or contrary to the law and denied that anything plaintiff alleges was the cause of death.

27.  With respect to paragraph 65 of the Complaint, the defendant incorporates as if fully set forth herein his answers to the prior paragraphs of the Complaint.

28.  With respect to paragraphs 66-67 of the Complaint, the defendant denies the allegations, including that it is specifically denied that the defendant did anything unconstitutional, tortious, excessive, improper, without justification, wrongful, negligent, grossly negligent or contrary to the law and denied that anything plaintiff alleges was the cause of death

or damages.

29. With respect to paragraph 68 and the "Wherefore" paragraph of the Complaint, the defendant denies the allegations, except admits that plaintiff makes the request and demand asserted, and denies that the plaintiff has any right to compensatory or punitive damages, interest, attorney's fees, cost, or anything plaintiff requests or demands.

30. The defendant denies all allegations that are not expressly admitted herein.

31. The defendant denies that plaintiff is entitled to any relief requested in the Complaint, and denies that he is liable for any reason or in any amount.

### DEFENSES

32. The defendant incorporates and reasserts as if fully set forth herein the defenses and reasons for dismissal included in the motion to dismiss and memoranda and argument in support submitted to the Court by defendants in this action.

33. Plaintiff lacks standing to bring this lawsuit and some or all of the claims asserted.

34. The defendant did not violate any constitutional, statutory, common law, or other rights of Ralph Ennis, cognizable under 42 U.S.C. § 1983 or state law or otherwise.

35. The defendant did not use excessive force with respect to Ennis, nor did anyone else for whose conduct the defendant could be liable.

36. The defendant did not commit battery with respect to Ennis, nor did anyone else for whose conduct the defendant could be liable.

37. Any force used by the defendant was reasonable in light of Ennis' conduct as perceived by the defendant and the defendant's obligations to carry out his law enforcement duties and for the protection of the traveling public, himself and others.

38.  A law enforcement officer has the right to use reasonable force to carry out his lawful duties, and use of such force is not a battery or in any way wrongful or lacking justification or excuse.

39.  Any force used by the defendant with respect to Ennis was reasonable and justified in the circumstances and not wrongful.

40.  Any force used by the defendant was reasonable and pursuant to a lawful arrest and/or detention or stop.

41.  The defendant was authorized by law and required pursuant to his law enforcement duties to stop, detain, arrest and/or seize Ennis.

42.  The defendant did not have any duty to do anything different and did not breach any duty to Ennis, nor did any breach of any duty to Ennis by the defendant cause Ennis' death or any claimed injury.

43.  The defendant did not act with gross negligence or negligence in any degree, or in any intentional, or unintentional, wrongful way toward Ennis.

44.  The defendant did not take any action out of malice or ill will with respect to Ennis, nor was any willful or wanton action taken or in disregard of or violation of any right of Ennis by the defendant or anyone else for whose conduct the defendant could be liable.

45.  The defendant did not act with the requisite intent with respect to any conduct regarding Ennis alleged to be wrongful, nor did anyone for whose conduct the defendant could be considered responsible.

46.  The defendant cannot be held liable for any alleged tort or alleged wrongful conduct of others.

47. No basis exists for vicarious liability on the part of the defendant.

48. The defendant is not liable pursuant to the last clear chance doctrine and/or that any harm to Ennis resulted from an intervening/superseding cause or the actions of Ennis or others for whom the defendant cannot be held liable.

49. Neither the conduct of the defendant nor the conduct of anyone for whom the defendant could be considered liable was the proximate cause of Ennis' death or any injuries claimed by the plaintiff.

50. To the extent Ennis suffered any cognizable harm, it was the result of his own acts and conduct.

51. Plaintiff is precluded from recovery by Ennis' wrongful acts and cannot recover for the consequences of those acts.

52. The claims and damages asserted are barred by contributory negligence and assumption of the risk.

53. To the extent that Ennis suffered cognizable harm, the exigent circumstances and the necessity of protecting the safety, health and well-being of officers and others precludes defendant from being held liable.

54. The defendant acted in defense of officers and others and that his acts were justified.

55. To the extent that Ennis suffered any cognizable harm, he and the plaintiff failed to mitigate damages.

56. The defendant is entitled to qualified immunity with respect to plaintiff's federal claims, including for having not violated any clearly established law of which a reasonable officer would have been aware, barring liability on the defendant's part.

57. The defendant is entitled to sovereign immunity with respect to state law claims, including for having been in performance of a governmental function that involved judgment and discretion and barring liability on his part with respect to his conduct even if that conduct were considered to amount to negligence.

58. The defendant is entitled to good faith immunity and qualified/governmental immunity with respect to state law claims, including for having acted in good faith and reasonable belief in the validity of his conduct, even if he was mistaken as to the law or facts, barring liability on the defendant's part.

59. The defendant denies that he is indebted to or liable to the plaintiff in any amount or for any reason, and plaintiff has no basis for his claims of damages, including punitive damages or other relief with respect to the defendant.

60. To the extent that plaintiff's claim for damages exceeds federal or state statutory or common law limitation on recovery, the defendant asserts all such limitations on recovery.

61. The defendants asserts, so that it will not be assumed or considered waived, that this Court lacks jurisdiction, as further developments in this litigation may show.

62. The defendant will rely upon such other and further defenses as may be identified as this action proceeds, and reserves the right to amend this answer and defenses if he is so advised.

Tyler Poe

By  s/ Carlene Booth Johnson
              Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936

tel: (434) 983-5005
fax: (434) 983-5021
email: perrylawfirm@hughes.net

<u>Certificate</u>

I certify that on September 12, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to:

Seth R. Carroll, Esq.
Adam Dourafei, Esq.
Commonwealth Law Group
3311 West Broad Street
Richmond, VA 23230
(804) 999-9999
scarroll@hurtinva.com

Susan F. Pierce
31 Winchester Street
Warrenton, VA 20186
(540) 347-9223
spierce@walkerjoneslaw.com
*Counsel for plaintiff*

Alexander Francuzenko, Esq.
Philip Krone, Esq.
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for defendant*

By <u>s/ Carlene Booth Johnson</u>
Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
tel: (434) 983-5005
fax: (434) 983-5021
email: perrylawfirm@hughes.net