IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| IAN ENNIS AS ADMINISTRATOR OF | : | |
| THE ESTATE OF RALPH ENNIS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 5:22-cv-00046 |
| | : | |
| DEPUTY TYLER POE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEENDANT ZACHARY FADLEY'S ANSWER

COME NOW, Defendant, Deputy Zachary Fadely (referred to as "Defendant"), by and through their undersigned counsel, Alexander Francuzenko, Esq., and the Law Firm of Cook Craig & Francuzenko, PLLC, and for his answer to the Plaintiffs Complaint states as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant denies all allegations of misconduct alleged against him in the Complaint. All allegations not specifically admitted are hereby denied.

### THIRD DEFENSE

Defendant responds to the specific paragraphs in Plaintiffs' Complaint as follows:

1. Denied.

2. The allegations contained in Paragraph 2 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

3. The allegations contained in Paragraph 3 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

1

4. The allegations contained in Paragraph 4 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

5. The allegations contained in Paragraph 5 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

6. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 6 of the complaint.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 10 of the complaint.

11. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 11 of the complaint.

12. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 12 of the complaint.

13. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 13 of the complaint.

14. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 14 of the complaint.

15. Admitted.

16. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 16 of the complaint.

17. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 17 of the complaint.

18. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 18 of the complaint.

19. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 19 of the complaint.

20. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 20 of the complaint.

21. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 21 of the complaint.

22. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 22 of the complaint.

23. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 23 of the complaint.

24. Admitted.

25. Defendant does not have sufficient information to either admit or deny some of the allegations contained in Paragraph 25 of the complaint but does admit that Mr. Ennis was walking towards the Deputy with a clinched fist.

26. Defendant does not have sufficient information to either admit or deny some of the allegations contained in Paragraph 26 of the complaint but does admit that Mr. Ennis began walking towards the rear of his vehicle.

27. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 27 of the complaint.

28. Defendant does not have sufficient information to either admit or deny some of the allegations contained in Paragraph 28 of the complaint but does admit that Mr. Ennis was pushed into the rear of his vehicle.

29. Defendant does not have sufficient information to either admit or deny some of the allegations contained in Paragraph 29 of the complaint but does admit that Mr. Ennis' hat did come off his head.

30. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 30 of the complaint.

31. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 31 of the complaint.

32. Defendant denies that Mr. Ennis was tackled. Defendant admits that Mr. Ennis did get his legs caught in the tow hitch and that they tumbled to the ground.

33. The defendant will neither admit nor deny the allegations contained in Paragraph 33 and states that video speaks for itself.

34. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 34 of the complaint.

35. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 35 of the complaint.

36. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 36 of the complaint.

37. Admitted.

38. Admitted.

39. Denied.

40. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 40 of the complaint.

41. Admitted.

42. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 42 of the complaint.

43. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 43 of the complaint.

44. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 44 of the complaint.

45. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 45 of the complaint.

46. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 46 of the complaint.

47. Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 47 of the complaint.

48. Defendant incorporates by reference all his previous responses.

49. The allegations contained in Paragraph 49 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

50. The allegations contained in Paragraph 50 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

51. The allegations contained in Paragraph 51 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Defendant incorporates by reference all his previous responses.

58. The allegations contained in Paragraph 58 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

59. The allegations contained in Paragraph 59 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

60. The allegations contained in Paragraph 60 are legal conclusions and therefore the defendant will neither admit nor deny the allegations.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Defendant incorporates by reference all his previous responses.

66. Denied.

67. Denied.

68. Denied

## **FOURTH DEFENSE**

Defendant raises the defense of sovereign immunity.

## **FIFTH DEFENSE**

Defendant raises the defense of qualified immunity.

**SIXTH DEFENSE**

Defendant denies that he breached any of Plaintiff's constitutional, common law or statutory rights, denies any wrongdoing, intentional, or tortious behavior, and denies that Plaintiff is entitled to any relief.

**SEVENTH DEFENSE**

Any harm, damages, or injuries to the Plaintiff in this case were the direct and proximate result of the intervening, superseding causes and/or the actions or omissions of the Plaintiff or third parties over whom Defendant had no control or authority.

**EIGHTH DEFENSE**

Defendant raises the defense of good faith immunity on Plaintiff's state law claims.

**NINETH DEFENSE**

The existence of probable cause and reasonable suspicion justifies Defendant's actions.

**TENTH DEFENSE**

To the extent that Plaintiff is entitled to recover any damages against the Defendant, the award of damages is capped pursuant to VA code § 2.2-1839(B).

**ELEVENTH DEFENSE**

Defendant is entitled to immunity from suit in Federal Court under the Eleventh Amendment.

**TWELFTH DEFENSE**

Defendant raises the defense that Plaintiff lacks standing to bring the cause of action of pled.

The Defendant reserves the right to supplement this Answer after additional discovery has been conducted.

WHEREFORE, the Defendant respectfully requests that this Honorable Court: 1) dismiss Plaintiffs' Complaint with prejudice; 2) deny all prayers for relief contained in Plaintiffs' Complaint; and 3) grant such further relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

_____/s/_____
Alexander Francuzenko, VSB #36510
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
T: (703) 865-7480
F: (703) 434-3510
alex@cookcraig.com
*Counsel for Defendant Fadley*

# CERTIFICATE OF SERVICE

I certify that on September 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to:

Seth R. Carroll, Esq.
Adam Dourafei, Esq.
Commonwealth Law Group
3311 West Broad Street
Richmond, VA 23230
(804) 999-9999
scarroll@hurtinva.com
adourafei@hurtinva.com
*Counsel for Plaintiff*

Susan F. Pierce, Esq.
31 Winchester Street
Warrenton, VA 20186
(540) 347-9223
spierce@walkerjoneslaw.com
*Counsel for Plaintiff*

Carlene Booth Johnson, Esq.
Perry Law Firm A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
T: (434) 983-500
F: (434) 983-502
perrylawfirm@hughes.net
*Counsel for Defendant Poe*

              _____/s/_____
              Alexander Francuzenko, VSB #36510
              Cook Craig & Francuzenko, PLLC
              3050 Chain Bridge Road, Suite 200
              Fairfax, VA 22030
              T: (703) 865-7480
              F: (703) 434-3510
              alex@cookcraig.com
              *Counsel for Defendant Fadley*