IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| IAN ENNIS as Administrator, | ) | |
| of the ESTATE OF RALPH ENNIS | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 5:22cv00046 |
| | ) | |
| DEPUTY TYLER POE and | ) | |
| DEPUTY ZACHARY FADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM**
**IN FURTHER SUPPORT OF MOTION TO DISMISS BY TYLER POE**

Defendant Tyler Poe, by counsel, submits this reply memorandum in further support of

his motion to dismiss, and in response to plaintiff's Opposition (ECF Doc. 15).

Plaintiff does not dispute that he has the burden of demonstrating that he has standing to

bring this action, without which this action must be dismissed.  *See* decisions cited in Poe's

initial motion to dismiss memorandum (Doc. 10 pp. 2-3).  It is respectfully submitted that

plaintiff has not satisfied his burden.

Plaintiff filed this action alleging that he "brings this suit in this capacity as the

Administrator of the Estate of Ralph Ennis."  Complaint ¶ 6; *see also* Complaint caption, first

sentence, and signature block on the last page of the Complaint.

With his Opposition, however, plaintiff has filed a Certificate showing, instead, that he

qualified as "Executor" of the Estate of Ralph Ennis.

Plaintiff asserts on brief that he identified himself in the Complaint as an

"Administrator," rather than an "Executor," for "clarity."  Opp. p. 2 n.2.

An "Executor" is not the same thing as an "Administrator" under Virginia law.  There is

no "clarity" provided by plaintiff having substituted one term for the other, in characterizing himself in the Complaint.[1]

On brief, plaintiff further asserts that he "is not simply the executor identified in the decedent's will, but has been duly qualified as the personal representative of the Estate and has been issued letters of administration by the Clerk for the Staunton Circuit Court." Opp. p. 2 n.2.

Plaintiff contends that regardless of his Complaint allegations, or "[e]ven absent such an allegation," this Court "may 'properly consider [letters of administration] in evaluating whether plaintiff meets the standing requirement even though they are outside the complaint,'" citing and quoting *Latka v. Miles*, 2015 WL 1413605 (E.D. N.C. Feb. 9, 2015). Opp. p. 2 (bracketing alteration by plaintiff in *Latka* quotation).

What plaintiff cites is a recommendation of a magistrate judge in *Latka* – which was rejected by the district judge. *See Latka v. Miles*, 2015 WL 1410378 ** 1, 3 (E.D.N.C. March 26, 2015) ("the court will reject the recommendation of the M & R and grant the motions to dismiss; "the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendants"), *aff'd*, 615 F. App'x 122 (4th Cir. Aug. 31, 2015).

Moreover, plaintiff has not attached any "letters of administration" to his Opposition, in

---

[1]Plaintiff acknowledges that the capacity of an individual, such as the plaintiff, to bring suit in this Court in a representative capacity is determined by Virginia law (Fed. R. Civ. P. 17(b)(3) "by the law of the state where th court is located"), whether the individual is an executor (Fed. R. Civ. P. 17(a)(1)(A)), or an administrator (*Id*. 17(a)(1)(B)). Opp. p. 2.

With respect to the differences between an executor and an administrator of an estate, *see, e.g.*, Va. Code § 64.2-500(A) ("If the will does not name an executor, or the executor named refuses to accept, fails to give bond, or dies, resigns, or is removed from office, the court or clerk may grant administration with the will annexed to a person . . ."); § 64.2-502 ("hear and determine the right of administration of the estate in the case of a person dying intestate").

2

addition to having not made any Complaint allegations in that regard.

Plaintiff's cryptic characterization of himself in the Complaint as "Administrator" and vague reference on brief to undisclosed "letters of administration" are not sufficient to demonstrate that plaintiff has standing to bring this action. *See also Antisdel v. Ashby*, 279 Va. 42, 49, 688 S.E.2d 163, 167 (2010) (administrator of estate did not have standing to pursue claim not specified in the appointment); *Henderson v. Hickory Hill Ret. Comty., LLC*, 106 Va. Cir. 506 (Nottoway 2019) (administrator of estate may not file claim for which the qualification did not specify filing that claim in the purpose of the qualification) (both cited in Poe's initial motion to dismiss memorandum p. 3 and n.2).

This Court is "powerless to create [its] own jurisdiction by embellishing otherwise deficient allegations of standing." *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182, 184 (4th Cir. 2013) (affirming dismissal; "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy").[2]

Nor is the Certificate plaintiff has filed with his Opposition, indicating he has qualified "as Executor of the estate," and plaintiff's implication on brief that he may be "the executor identified in the decedent's will" (Opp. n.2), sufficient to demonstrate standing, even if considered at this juncture.

The will governs what powers are, or are not, granted to the executor. "An executor is one to whom another man commits by his last will the execution of that will and testament."

---

[2]It is further noted that the Complaint does not even conclusorily allege that this Court has subject matter jurisdiction over plaintiff's state law claim. *See* Complaint ¶ 3 (referring only to "subject matter jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331").

3

*Hofheimer v. Seaboard Citizens' Nat'l Bank of Norfolk*, 154 Va. 896, 898, 156 S.E. 581 (1931); *see also* Va. Code § 64.2-511 ("person named in a will as executor shall not exercise the powers of executor until he qualifies as such by taking an oath and giving bond in the court or before the clerk where the will or an authenticated copy thereof is admitted to record"); § 64.2-517 ("When discretionary powers are conferred upon the executors under any will . . ."); § 64.2-105(B) ("The following powers . . . **may** be incorporated in whole or in part in any will or trust by reference to this section" (emphasis added);[3] § 64.2-106(D) ("In no case shall a court grant any powers, if the grant of such powers would be contrary to the intention of the testator or grantor as implied from or as expressed in the will or trust instrument, or would otherwise by inconsistent with the disposition made in the will or trust instrument").

Plaintiff's suggestion that he falls within the definition of a "personal representative" does not answer the question of whether he is authorized to bring this action or the particular claims he asserts in this action, either pursuant to whatever terms may be in the decedent's will and as an executor of that will, or as an administrator of the estate under the terms of whatever powers the circuit court may have granted him as an administrator.  Plaintiff has not demonstrated standing.

Tyler Poe

By  <u>s/ Carlene Booth Johnson</u>
          Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm

---

[3]"May" is permissive, not obligatory, and does not imply that any will of the decedent necessarily granted such power, nor that the circuit court did.  *See Air Line Pilots Ass'n, Int'l v. U.S. Airways Group, Inc.*, 609 F.3d 338, 342 (4th Cir. 2010); *Wal-Mart Stores E., LP v. State Corp. Comm'n*, 299 Va. 57, 70, 844 S.E.2d 676, 682 (2020).

A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
tel:  (434) 983-5005
fax:  (434) 983-5021
email: perrylawfirm@hughes.net

Certificate

I certify that on September 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to:

Seth R. Carroll, Esq.
Adam Dourafei, Esq.
Commonwealth Law Group
3311 West Broad Street
Richmond, VA 23230
(804) 999-9999
scarroll@hurtinva.com
*Counsel for plaintiff*

Alexander Francuzenko, Esq.
Philip Krone, Esq.
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
alex@cookcraig.com
pkrone@cookcraig.com
*Counsel for defendant*

Susan F. Pierce, Esq.
31 Winchester Street
Warrenton, VA 20186
(540) 347-9223
spierce@walkerjoneslaw.com
*Counsel for plaintiff*

By  s/ Carlene Booth Johnson
              Counsel
Carlene Booth Johnson VSB No. 36473
Perry Law Firm
A Professional Corporation
262 Chellowe Road
Dillwyn, Virginia 23936
tel:  (434) 983-5005
fax:  (434) 983-5021
email: perrylawfirm@hughes.net

5