IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| IAN ENNIS, as Administrator of the Estate of RALPH ENNIS | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 5:22-cv-00046 |
| DEPUTY TYLER POE, and DEPUTY ZACHARY FADLEY | ) ) ) | By: Elizabeth K. Dillon United States District Judge |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Ian Ennis, as "Administrator of the Estate" of decedent Ralph Ennis, brought this action against Warren County Deputy Sheriffs Tyler Poe and Zachary Fadley in their individual capacities, alleging that they wrongfully caused Ralph's[1] death by using unreasonable and excessive force to arrest him during a routine traffic stop, in violation of both the Fourth Amendment and Virginia Code § 8.01-50, *et seq*. (Compl., Dkt. No. 1.)

Poe now moves to dismiss the complaint, arguing that plaintiff has not adequately alleged his qualification as the personal representative of Ralph's estate and thus lacks standing to bring this action. The motion is fully briefed and is now ripe for resolution. The court finds that a hearing is not necessary to resolve Poe's motion, which will be denied. However, for the reasons stated herein, the court will order plaintiff to file a new complaint within 21 days that accurately reflects his alleged status as executor—not administrator—of Ralph's estate.

---

[1] Because Ian and Ralph Ennis share a last name, they are referred to herein by their first names.

I. BACKGROUND

Because the pending motion to dismiss concerns a narrow procedural issue, the court summarizes the factual allegations from plaintiff's complaint only to the extent they are relevant to the motion.

Plaintiff asserts that on April 15, 2022, Ralph Ennis—then a 77-year-old man suffering from dementia—died in hospice care after sustaining a head injury during an April 2 traffic stop in Warren County, Virginia. According to the complaint, Ralph was pulled over by a Warren County Deputy Sheriff for speeding, swaying in his vehicle, and having a broken taillight. After Ralph slowed down and pulled over to a nearby parking lot, the deputy sheriff exited his vehicle and commanded Ralph to "step out of the car." When Ralph started to exit the vehicle in an effort to comply with the order, another officer shouted a conflicting command to "stay in the car!" and "follow our commands!" Then, an additional officer on the scene commanded Ralph to "get out of the car!" and to "get your hands up!" Ralph, visibly confused, stepped out of the car. The deputy sheriff ordered Ralph to drop his keys; Ralph responded by turning around to face him, appearing confused and disoriented. At that time, Deputy Poe rushed Ralph from behind, violently grabbed him, and slammed his face and body into the rear of his truck. Deputy Fadley then rushed in from the side and tackled both Ralph and Deputy Poe. Ralph fell to the ground, slamming his head into the pavement. Ralph was sober at the time of the incident, and no weapons were found on his person. He was later diagnosed with a traumatic brain injury caused by the fall and died two weeks after the traffic stop incident.

On August 2, 2022, plaintiff brought this action against Deputies Poe and Fadley,

asserting claims of excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (Count I) and "Battery in Violation of Virginia Law (Wrongful Death)" (Count II). Plaintiff alleges that he brings this suit "in his capacity as the *Administrator* of the Estate of Ralph Ennis" (Compl. ¶ 6 (emphasis added)) and repeatedly refers to himself as the administrator of Ralph's estate. According to the complaint, "[t]he Estate seeks a monetary remedy for the violation of [Ralph's] Fourth Amendment rights by virtue of the 42 U.S.C. § 1983 and further seeks remedies as provided under the laws of the Commonwealth of Virginia." (*Id.* ¶ 2.) He also states that Ralph's "beneficiar(ies)" suffered one or more of a list of injuries, including "[f]uneral and burial expenses," "[s]orrow, mental anguish and loss of solace," "[l]oss of income," and "[l]oss of services, protection, care and assistance." (*Id*. ¶ 67.)

On September 12, 2022, Poe (but not Fadley) moved to dismiss the complaint. (Dkt. No. 9.) According to Poe, the complaint makes the conclusory assertion that plaintiff brings this action as administrator of Ralph's estate, yet does not provide any facts indicating when, where, or how he was qualified as administrator. (*Id.* 2.) Accordingly, Poe maintained that, because plaintiff had failed to demonstrate "that he has been properly qualified as a *personal representative* of the decedent's estate," he "therefore lacks standing to bring this wrongful death action." (*Id.* (emphasis added) (quoting *Bradley v. Johnson & Johnson*, No. 1:12cv92, 2012 WL 1957812, at *2 (E.D. Va. May 30, 2012)).) Further, Poe maintained that, for the same reason, plaintiff also lacked standing to pursue a federal constitutional claim on behalf of Ralph. (*Id.*)

On September 20, 2022, plaintiff responded to Poe's motion (Dkt. No. 15), arguing that he has standing under both the Federal Rules of Civil Procedure and the Virginia Code to

3

maintain this suit. (*Id.* 2.) In the response brief, plaintiff clarified that, about four-and-a-half months earlier, the Clerk for the Staunton City Circuit Court qualified him as the *executor* (not the "administrator") of Ralph's estate (*id.* 1); in support, he attached to the brief the "certificate/letter of qualification" from the Clerk (*see* Dkt. No. 15-1). Plaintiff then stated that his complaint had "properly alleged that he was the *Administrator* of the Estate of Ralph Ennis." (Dkt. No. 15 at 1 (emphasis added).) He clarified that he identified himself in the complaint as "administrator" as opposed to "executor" only "for clarity"; according to plaintiff, he "is not simply the executor identified in the decedent's will, but has been *duly qualified* as the *personal representative* of the Estate and has been issued letters of administration by the Clerk for the Staunton Circuit Court." (*Id.* 2 n.2 (emphasis added).) Lastly, plaintiff argued that this qualification permits him to bring this lawsuit on behalf of the estate as a real party in interest with the capacity to sue under Federal Rule of Civil Procedure 17. (*Id.* 2.)

On September 23, 2022, Poe replied to plaintiff's response brief. (Dkt. No. 16.) He noted that, while plaintiff filed this action as the "Administrator" of Ralph's estate, he then filed a certificate showing instead that he qualified as "Executor" of the estate. (*Id.* 1.) According to Poe, "[a]n 'Executor' is not the same thing as an 'Administrator' under Virginia law," and "[t]here is no 'clarity' provided by plaintiff having substituted one term for the other, in characterizing himself in the Complaint." (*Id.* 1–2.) He further stated that plaintiff "has not attached any 'letters of administration'" to his response brief, nor has he "made any Complaint allegations in that regard." (*Id.* 2–3.) All in all, Poe maintained that the complaint still does not answer the question of whether plaintiff has standing bring this action. (*Id.* 4.)

4

## II. DISCUSSION

### A. Standing and Subject Matter Jurisdiction

Federal district courts exercise limited jurisdiction, *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and only certain types of cases may be filed in federal district court. To properly rule on a lawsuit, a federal district court must be able to exercise jurisdiction over the parties and particular claims raised in a complaint. A federal district court may exercise subject matter jurisdiction over cases that involve a "federal question" or those cases that involve a controversy exceeding $75,000 between citizens from different states. *See* 28 U.S.C. §§ 1331, 1332.

Additionally, to properly maintain a lawsuit in federal court, a plaintiff must allege that he or she has "standing" to bring that suit—that is, that the plaintiff has alleged "such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (citation and internal quotation marks omitted). The doctrine of standing is "an integral component of the case or controversy requirement." *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (citation and internal quotation marks omitted). The party seeking to invoke the jurisdiction of a federal court has the burden of satisfying the standing requirement of Article III of the U.S. Constitution. *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir.2006). To meet that burden, a plaintiff must demonstrate three elements: (1) that he has suffered an injury in fact that is "concrete and particularized" and "actual or imminent"; (2) that the injury is fairly traceable to the challenged conduct; and (3) that

5

a favorable decision is likely to redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Generally, challenges to standing are addressed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *CGM*, 664 F.3d at 52 (distinguishing statutory standing from Article III and prudential standing); *see also Pitt Cnty. v. Hotels.com, L.P.*, 553 F.3d 308, 311 (4th Cir. 2009) (noting that the district court re-characterized a defendant's challenge to standing from a motion to dismiss for failure to state a claim under Rule 12(b)(6) to a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)). When resolving a motion under Rule 12(b)(1), "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).[2] Where a defendant has not provided evidence to dispute the veracity of the jurisdictional allegations in the complaint, the court accepts facts alleged in the complaint as true just as it would under Rule 12(b)(6). *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009) (citing

---

[2] In his reply brief, Poe questions whether the court may consider the certificate/letter of qualification plaintiff attached to his response brief (but not the complaint) in evaluating whether he has standing. Plaintiff argues that the court may consider it, but Poe pointed out that the case on which plaintiff relied for that proposition was a report and recommendation that was later rejected by the district judge. *Latka v. Miles*, No. 7:14–CV–10–FL, 2015 WL 1413605, at *2 (E.D.N.C. Feb. 9, 2015), *recommendation rejected*, 2015 WL 1410378 (E.D.N.C. Mar. 26, 2015). However, the district judge in *Latka* rejected the magistrate judge's recommendation to deny the Rule 12(b)(1) motion not because the court was powerless to consider the letter of administration that the plaintiff attached to her response brief, but because there was no diversity of citizenship between the parties. *See* 2015 WL 1410378, at *5–6. To boot, the district judge actually considered the letter and assumed, for the purpose of discussion, that it established the plaintiff's status as personal representative of the decedent's estate. *Id.* at *4. Regardless of the *Latka* case, though, *Evans* and related Fourth Circuit authority make clear that, on a Rule 12(b)(1) motion, the court may consider documents such as the certificate plaintiff attached to his response brief without converting the matter into a motion for summary judgment.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  Ultimately, the plaintiff bears the burden of "clearly . . . alleg[ing] facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

**B.  Suit by Personal Representative of Estate**

The only question in resolving Poe's motion is whether, under Virginia law, the complaint plausibly alleges that plaintiff is the personal representative of Ralph's estate and thus has standing to bring both the wrongful death and § 1983 claims.[3]

Plaintiff's complaint unwittingly conflates the terms "administrator" and "executor," each of which have somewhat distinct meanings under Virginia law.  Under Virginia's Death by Wrongful Act statute, Va. Code. § 8.01-50, the "personal representative" of the decedent "plays a pivotal role."  *See In re Woodley*, 777 S.E.2d 560, 563 (Va. 2015).  A wrongful death action may only "be brought by and in the name of the personal representative of such deceased person."  Va. Code. § 8.01-50(C).  In this context, the "personal representative" includes the "executor" or "administrator" of a decedent's estate who has been qualified by a court to hold the

---

[3] The court looks to Virginia law in determining whether plaintiff has standing to bring both claims as the personal representative of Ralph's estate.  As to the wrongful death claim, "[w]hen deciding state law claims under supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit." *McFarland v. Va. Ret. Servs. of Chesterfield, LLC*, 477 F. Supp. 2d 727, 732 (E.D. Va. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)).  This court sits in Virginia, and "since Virginia applies the doctrine of *lex loci delicti* to tort claims, 'the law of the place of the wrong governs all matters related to the basis of the right of action.'"  *Id.* (quoting *Dreher v. Budget Rent–A–Car Sys., Inc.*, 634 S.E.2d 324, 327 (2006) (citations omitted)).  Here, the actions allegedly causing Ralph's death occurred in Virginia.  Therefore, Virginia law governs the question of whether plaintiff has standing to bring the wrongful death claim on Ralph's behalf.  Moreover, federal courts apply state law in deciding who may bring a § 1983 action on a decedent's behalf.  *See* 42 U.S.C. § 1988(a).

position. *See* Va. Code §§ 64.2-100, 1–234; *Bartee v. Vitocruz*, 758 S.E.2d 549, 552 (Va. 2014); *Addison v. Jurgelsky*, 704 S.E.2d 402, 404 (Va. 2011); *Bolling v. D'Amato*, 526 S.E.2d 257, 259 (Va. 2000).

Although plaintiff refers to himself in the complaint as the "administrator" of Ralph's estate, the certificate he attached to his response brief indicates that he is actually the "executor" of Ralph's estate. With respect to the role of "personal representative" of an estate, an "executor" is substantially the same as an "administrator"; the main difference between the two is how they are appointed. An "executor" is the person named in the decedent's will to administer the estate, and accepts appointment by qualifying before a clerk of court; on the other hand, an "administrator" is the person who would be appointed by, and qualified before, the clerk to administer the decedent's estate in the *absence* of an executor—i.e., when the decedent dies intestate or has a will that does not name an executor or all executors named decline to serve. *See Hofheimer v. Seaboard Citizens' Nat'l Bank of Norfolk*, 156 S.E. 581, 582 (Va. 1931) ("An executor is one to whom another man commits by his last will the execution of that will and testament. An administrator is a person authorized to manage and distribute the estate of an intestate, or of a testator who has no executor.").

Poe is correct that there is some distinction between an "executor" and an "administrator," and that plaintiff did not provide any "clarity" to the suit by referring to himself as the latter when, in reality, he is the former. However, the gravamen of plaintiff's allegation is that he was duly qualified as a "curator of [the] decedent's estate, for or against whom suits may be brought for causes of action that accrued to or against the decedent," *see* Va. Code § 64.2-

100, and the attached certificate clarifies that plaintiff is the executor, not the administrator, of Ralph's estate. Moreover, one does not "qualify" as the "personal representative" of an estate in the abstract; rather, one qualifies as either the "executor" or "administrator" of an estate, which then imparts the status of "personal representative" under Virginia law. As such, plaintiff's certificate of qualification as executor is, as a factual matter, sufficient to support a plausible inference that he is the personal representative of Ralph's estate. Because plaintiff's certificate of qualification as "executor" contradicts the complaint's allegation that plaintiff is the "administrator," the court will credit the document over the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) ("When the plaintiff attaches or incorporates a document upon which his claim is based . . . , crediting the document over conflicting allegations in the complaint is proper.") In turn, the court finds that plaintiff has plausibly alleged his standing to bring both the state-law wrongful death and § 1983 excessive-force claims on behalf of Ralph's estate, and Poe's motion to dismiss will be denied.

However, because the certificate indicates that plaintiff is the executor and not the administrator of Ralph's estate, the complaint as presently filed does not, as a technical matter, accurately reflect plaintiff's alleged status as executor. Accordingly, the court will order plaintiff to promptly file an amended complaint that reflects, with clarity, plaintiff's allegation that he is the "executor," not the "administrator," of Ralph's estate. *See, e.g.*, *Anderson v. Dorchester Cnty.*, No. 2:20-cv-2084-DCN-MGB, 2021 WL 1186637, at *16 (D.S.C. Mar. 30, 2021) (ordering plaintiffs to file a new, "<u>clear</u> and <u>organized</u> complaint that reflects the current posture of th[e] action and incorporates the holdings of [the court's] order" after granting in part and

denying in part motions to dismiss) (emphasis in original).  The amended complaint may not assert new claims, include novel allegations, or reflect any changes other than those explicitly permitted by this opinion and accompanying order.  *See id.*  Defendants are not required to respond to this amended complaint but are permitted to do so if they choose.  *See id.*

### III.  CONCLUSION

For the foregoing reasons, the court will issue an appropriate order denying Poe's motion to dismiss for lack of standing and ordering plaintiff to file an amended complaint reflecting his true allegation that he is the executor of Ralph Ennis's estate within twenty-one (21) days after entry of that order.

Entered: March 14, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge